1  PARSONS BEHLE & LATIMER
   Scott S. Bell, Bar No. 9507
2  201 S. Main Street, Suite 1800
   Salt Lake City, Utah 84111
3  Telephone: (801) 532-1234
4          -and-
   Robert W. DeLong, Bar No. 10022
5  50 W. Liberty Street, Suite 750
   Reno, Nevada 89501
6  Telephone: (775) 323-1601

7
   *Attorneys for Defendant U.S. Bank N.A.,*
8  *successor trustee to Bank of America, N.A.,*
   *successor in interest to LaSalle Bank N.A.,*
9  *on behalf of the registered holders of Bear*
   *Stearns Asset Backed Securities I LLC,*
10 *Asset-Backed Certificate, Series 2006-HE8*

11                    UNITED STATES DISTRICT COURT
12
13                         DISTRICT OF NEVADA

14 | JOSEPH EUGENE PIOVO, individually and as Beneficiary of the Vice Roy United Nations Credit and Commerce International Blind Trust, | Case No. 2:13-cv-01922-APG-GWF |
15 | | |
16 | Plaintiff, | **MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** |
17 | | |
18 | v. | |
19 | ROBERT STONE; ANTONIETA TOVAR-GUZMAN; MERSCORP, INC.; CBSK FINANCIAL GROUP, INC.; U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION AS TRUSTEE FOR CERTIFICATE HOLDERS OF BEAR STERNS ASSET BACKED SECURITIES I, LLC ASSET BACKED CERTIFICATES, SERIES 2006-HE8; AND ALL PERSONS CLAIMING BY, THROUGH OR UNDER SUCH PERSONS UNKNOWN CLAIMING ANY LEGAL OR EQUITABLE TITLE, ESTATE, LIEN OR INTEREST IN THE PROPERTY DESCRIBED IN THE | |

COMPLAINT ADVERSE TO PLAINTIFF TITLE THERETO; Does 1-100, inclusive,

Defendants.

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Defendant U.S. Bank National Association, as successor Trustee to Bank Of America, National Association, successor in interest to LaSalle Bank National Association, on behalf of the registered holders of Bear Stearns Asset Backed Securities I, LLC, Asset-Backed Certificates, Series 2006-HE8, by and through its undersigned counsel, hereby moves this Court to issue an order dismissing this action for lack of subject matter jurisdiction over the claims set forth in "Plaintiff's Petition for Declaratory Relief to Quiet Title Pursuant to NRS 40.010" (Dkt. # 1). This motion is made and based on the following Memorandum of Points and Authorities, the exhibits attached hereto, and all pleadings and papers on file herein.

DATED: December 6, 2013.        PARSONS BEHLE & LATIMER


By: /s/ Robert W. DeLong
Scott S. Bell, NV Bar No. 9507
Robert W. DeLong, NV Bar No. 10022

*Attorneys for Defendant U.S. Bank N.A., successor trustee to Bank of America, N.A., successor in interest to LaSalle Bank N.A., on behalf of the registered holders of Bear Stearns Asset Backed Securities I LLC, Asset-Backed Certificate, Series 2006-HE8*

## MEMORANDUM OF POINTS AND AUTHORITIES

I. **INTRODUCTION:**

This action should be dismissed because Plaintiff Joseph Eugene Piovo's Complaint does not demonstrate that the case arises under federal law. Accordingly, this Court lacks subject matter jurisdiction over this dispute. The Complaint's sole jurisdictional allegation is that this

Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. (Dkt. # 1 ¶ 13). Yet the Complaint makes no claims under federal law, and it never otherwise makes any allegations demonstrating that 28 U.S.C. § 1331 is applicable. In fact, the title of the complaint states that the case is brought "Pursuant to N.R.S. 40.010," Nevada's statute permitting actions to determine adverse claims to real property. Furthermore, the Prayer for Relief requests relief only under state law. There is simply no evidence before this Court indicating that jurisdiction under 28 U.S.C. § 1331 is proper. Accordingly, the case should be dismissed with prejudice.

## II. DISCUSSION:

### A. The Complaint Must be Dismissed Because there is No Federal Question Jurisdiction Over the Quiet Title Claims Raised in the Complaint.

Original jurisdiction exists in the federal courts over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. It is settled that for a case to "arise under" federal law, a plaintiff's well-pleaded complaint must establish that either (1) federal law creates the cause of action, or (2) the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded' complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1394 (9th Cir. 1988). Furthermore, Rule 12(h)(3) of the Federal Rules of Civil Procedure requires a court to dismiss a case "[i]f the court determines at any time that it lacks subject-matter jurisdiction." *Chaganti v. I2 Phone Int'l, Inc.*, 635 F. Supp. 2d 1065, 1070 (N.D. Cal. 2007).

The Plaintiff's Complaint fails to allege any causes of action other than claims to quiet title to the property at issue. The quiet title claims raised by the Plaintiff arise from section 40 of the Nevada Revised Statutes, entitled "Actions to Determine Conflicting Claims to Real

Property." There is nothing within the complaint demonstrating that the plaintiff is seeking declaratory relief under anything other than Nevada state law. The title of the Complaint, the causes of action, and the prayer for relief all reference and invoke Nevada's statutory authority to quiet title to real property. Accordingly, there are no grounds for this Court to exercise jurisdiction, and the case should be dismissed.

      **B.**    **The Plaintiff Should be Treated No Differently Than Any Other Litigant Before this Court.**

Plaintiff suggests that the standard of review for this case should somehow be altered because he is appearing without the assistance of counsel. The Ninth Circuit requires *pro se* litigants to be treated no differently from parties represented by counsel. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (*pro se* litigants "must follow the same rules of procedure that govern other litigants"); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) (*pro se* litigants "should not be treated more favorably than parties with attorneys of record"); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which he litigates.").

Here, the Complaint plainly fails to identify any federal question that must be resolved by this Court. This case only raises claims arising under Nevada state law. Thus, the Complaint should be dismissed even though it was presented by a litigant appearing *pro se*.

///
///
///
///
///
///
///
///

PARSONS BEHLE & LATIMER

20967.784/4843-3576-8087.1

### III. **CONCLUSION:**

This action should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) because it is apparent from the claims asserted within the Complaint that this Court does not have subject-matter jurisdiction over the matter.

DATED: December 6, 2013.                    PARSONS BEHLE & LATIMER

By: /s/ Robert W. DeLong
Scott S. Bell, NV Bar No. 9507
Robert W. DeLong, NV Bar No. 10022

*Attorneys for Defendant U.S. Bank N.A., successor trustee to Bank of America, N.A., successor in interest to LaSalle Bank N.A., on behalf of the registered holders of Bear Stearns Asset Backed Securities I LLC, Asset-Backed Certificate, Series 2006-HE8*

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee with the law firm of Parsons Behle & Latimer, and that on the 6th day of December, 2013, I filed a true and correct copy of the foregoing MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION with the Clerk of the Court through the Court's CM/ECF system, which sent electronic notification to all registered users as follows:

> Kent F. Larsen
> Smith Larsen & Wixom
> Hills Center Business Park
> 1935 Village Center Circle
> Las Vegas, Nevada 89134
> kfl@slwlaw.com
> Attorneys for Defendant
> MERSCORP Holdings, Inc.

-and via U.S. Mail to the following:

> Joseph Eugene Piovo
> 1853 Indian River Bend Drive
> Henderson, Nevada 89074
> viceroyuncci@gmail.com
>
> Plaintiff in Proper Person

/s/ Tracy L. Brown
Employee of Parsons Behle & Latimer

20967.784/4841-0147-9191.1