UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH EUGENE PIOVO, | ) |
| Plaintiff, | ) Case No. 2:13-cv-01922-APG-GWF |
| vs. | ) **ORDER** |
| ROBERT STONE, *et al.*, | ) **Motion for Court's Assistance - #15** |
| Defendants. | ) |

      This matter comes before the Court on Plaintiff's Motion for Court's Assistance (#15), filed on December 23, 2013. Plaintiff seeks an order directing the United States Office of Probation to release Defendant Robert Stone's current address, because Plaintiff's attempts to locate Stone for the purposes of service have been unsuccessful. Plaintiff represents that Defendant Stone was sentenced to 5 years' probation on March 16, 2010 in *United States v. Stone*, case no. 2:09-cr-00216-JCM-PAL.

      Local Rule of Criminal Practice 32-2(a) provides that supervision records are confidential unless permission to distribute them is granted by a district judge, magistrate judge, or chief probation officer. Disclosure of supervision records for purposes other than sentencing "shall be made only upon written application accompanied by [...] a description of the records sought, an explanation of their relevance to the proceedings, and a statement of the reasons why the information [...] is not readily available from other sources[.]" LCR 32-2(c)(1). The Court construes the instant Motion as an application pursuant to LCR 32-2. Plaintiff represents he has been unable to find Stone to serve him, and seeks disclosure of the address Stone has on file with the Probation Office for this purpose. The Court finds Plaintiff has adequately described the

information needed and explained why the information is both relevant and unavailable elsewhere. Therefore, the Court will order the U.S. Probation Office to release Stone's address to Plaintiff.

Plaintiff filed this Motion *ex parte*. An *ex parte* motion or application is one that is filed with the Court, but is not served upon the opposing or other parties. *See* Local Rule 7-5(a). All *ex parte* motions must contain a statement showing good cause why the matter was submitted to the Court without notice to all parties. *See* Local Rule 7-5(b). *Ex parte* and emergency motions are distinct. Motions may be submitted *ex parte* only for compelling reasons, and not for emergency motions. *See* Local Rule 7-5(b). Emergency motions must be so titled, must state the nature of the emergency, and must certify that good-faith efforts were made to resolve the dispute without Court action. *See* Local Rule 7-5(d)(1)-(3). Plaintiff makes no statements that show good cause for either an *ex parte* or emergency designation for the Motion. Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of the Court shall unseal Plaintiff's Motion for Court's Assistance (#15).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall cause the Motion (#15) to be served on all parties in this matter.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall serve a copy of the Motion for Court's Assistance (#15) on the United States Office of Probation.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall serve a copy of this Order on the United States Office of Probation.

**IT IS FURTHER ORDERED** that the United States Office of Probation shall file the address Defendant Robert Stone has on file for his period of probation as relates to *USA v. Stone*, case no. 2:09-cr-00216-JCM-PAL, within 7 days of the date of this Order.

DATED this 16th day of January, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge