RONALD A. COLQUITT, ESQ. CHTD.
RONALD A. COLQUITT, ESQ.
Nevada Bar No. 004953
321 S. Casino Center Blvd., #112
Las Vegas, Nevada 89101
Tel: (702) 384-1000; Fax: (702) 543-2197
ronslawoffice@gmail.com
Defendant In Proper Person

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH EUGENE PIOVO, INDIVIDUALLY AND AS BENEFICIARY OF VICE ROY UNITED NATIONS CREDIT AND COMMERCE INTERNATIONAL BLIND TRUST.<br><br>Plaintiffs,<br><br>v.<br><br>RONALD A. COLQUITT,<br><br>Defendant. | CASE No. 2:13-cv-01922-APG-GWF<br><br>**DEFENDANT RONALD A. COLQUITT'S MOTION TO QUASH SERVICE AND TO DISMISS COMPLAINT PURSUANT TO FRCP 4(m) AND FRCP 12 (b)(5)** |

Defendant RONALD A. COLQUITT ("Defendant") hereby moves this Honorable Court to Quash Service and Dismiss this action against the Defendant, for failure to timely serve the Defendant within 120 day from the filing of the complaint.

**RELEVANT FACTS IN SUPPORT**

The Plaintiff first named this Defendant in his 41 page First Amended Complaint on March 28, 2014 (Doc 60). The filing of this amended complaint mandated that the Plaintiff be afforded 120 days to serve this new defendant. In his rambling complaint, the Plaintiff, who professes to be ignorant of the law, but certainly knows how to file voluminous pleadings, and certainly would or should know that he had 120 days serve each defendant named, goes into great detail to document

1

his claims. This Plaintiff has served other attorneys and lending institutions in this matter with this rambling criminal conspiracy complaint. He should also know that the fact that his subsequent Second Amended Complaint, which he filed on May 24, 2014 (doc 74), does not extend the original 120 days for service. The Defendant was served on August 11, 2014 (doc 107), which is after the required 120 days for service. Without addressing limitations and other pleading deficiencies, the Defendant moves to quash service and dismiss this complaint.

### POINTS AND AUTHORITIES

Pursuant to prevailing Ninth Circuit case authority, this multi-page and multi-defendant case must be dismissed pursuant to NRCP 4(m). In <u>Wei v. State of Hawaii</u>, 763 F.2d 370 (C.A.9 (Hawaii),1985), Plaintiff appealed denial by the United States District Court for the District of Hawaii, Samuel P. King, J., of his application for reinstatement of his employment discrimination and civil rights action, which had been dismissed. The Court of Appeals held that neither plaintiff's desire to amend his complaint before effecting service, nor counsel's inadvertent failure to calendar 120–day limit qualified as good cause for plaintiff's failure to timely serve summons and complaint. The Ninth Circuit Court of Appeals, in dismissing the complaint, which made the action time-barred, stated at 372:

> " by providing that district courts "shall" dismiss a complaint served
> over 120 days after its filing unless service took place in a foreign
> country or good cause for untimely service has been shown,
> Congress mandated dismissal in the circumstances of this case."

Service must be quashed pursuant to FRCP 4(m), which states:

> **(m) Time Limit for Service.** If a defendant is not served within 120
> days after the complaint is filed, the court--on motion or on its own
> after notice to the plaintiff--must dismiss the action without
> prejudice against that defendant or order that service be made within
> a specified time. But if the plaintiff shows good cause for the failure,
> the court must extend the time for service for an appropriate period.

Defendant, Ronald A. Colquitt, was added as a party in the Plaintiff's First Amended

Complaint, on March, 2014 (#60). His Second Amended Complaint does not toll the 120 day for the service to be made upon Defendant Colquitt. The filing of an amended complaint does not restart the One Hundred Twenty day period provided by Federal Rule of Civil Procedure 4(m), "except as to those defendants newly added in the amended complaint." Bolden v. City of Topeka, 441 F.3d 1129, 1148 (10th Cir.2006). Carr v. International Game Technology, 770 F.Supp.2d 1080, 1100 (D.Nev.2011). The Plaintiff had until July 26, 2014 to serve Mr. Colquitt, Because Plaintiff failed to timely serve, and because the seconded amended complaint does not toll the 120 days, service must be quashed, and this Defendant be dismissed from this action.

Fed.R.Civ.P. 12(b)(5) allows a defendant to move to dismiss the action where the service of process of a summons and complaint is insufficient. *See* Fed.R.Civ.P. 12(b)(5). A federal court does not have jurisdiction over a defendant unless the defendant has been properly served under Fed.R.Civ.P. 4. Direct Mails Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir.1988). Pursuant to case and statutory authority, this case must be dismissed.

DATED this 2 day of September 2014.

Ronald A. Colquitt, Esq
Nevada Bar No. 004953
321 S. Casino Center Blvd. Ste 112
Las Vegas, Nevada 89101
(702) 384-1000 Fax 702-543-2197
ronslawoffice@gmail.com
Defendant in Proper Person

## CERTIFICATE OF SERVICE

A Copy of this Motion to Dismiss was mailed to the Plaintiff, Joseph Eugene Piovo, to the following address on the 2d day of September, 2014:

Joseph Eugene Piovo
1853 Indian Bend
Henderson, NV 89074.

Further, copies of this Motion to Dismiss were electronically served on all parties of record on this 2d day of September, 2014.

_____
RONALD COLQUITT, Defendant in Proper Person