Kent F. Larsen, Esq.
Nevada Bar No. 3463
SMITH LARSEN & WIXOM
1935 Village Center Circle
Las Vegas, Nevada 89134
Tel: (702) 252-5002
Fax: (702) 252-5006
Email: kfl@slwlaw.com
Attorneys for Defendant
Mortgage Electronic Registration
Systems, Inc.

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JOSESPH EUGENE PIOVO, Sui juris, Individually and as Beneficiary of the Vice Roy United Nations Credit and Commerce International Blind Trust
1853 Indian Bend Drive
Henderson, Nevada 89074
APN: 178-17-911-009

Plaintiffs,

v.

ROBERT STONE;
RONALD COLQUITT;
MICHELLE WILLIAMS
ANTONIETA TOVAR-GUZMAN;
SHAUNA BRENNAN;
CBSK FINANCIAL GROUP, INC,;
CHICAGO TITLE;
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; A/K/A MERS;
MERSCORP HOLDINGS, INC., A/K/A MERSCORP, INC.;
U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION AS TRUSTEE FOR CERTIFICATE HOLDERS OF BEAR STERNS ASSET BACKED SECURITIES I, LLC ASSET BACKED CERTIFICATES,

Case No. 2:13-cv-01922-APG-GWF

**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'s:**

**(1) MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED VERIFIED PETITION FOR DECLARATORY RELIEF AND COMPLAINT FOR FEDERAL CIVIL RIGHTS VIOLATIONS (DOCKET 74); AND,**

**(2) JOINDER IN U.S. BANK, AS TRUSTEE'S MOTION TO DISMISS (DOCKET 75) AND MERSCORP HOLDINGS, INC.'S MOTION TO DISMISS (DOCKET 77).**

SERIES 2006-HE8; )
)
Does 1-100, inclusive, )
)
Defendants. )

---

Defendant Mortgage Electronic Registration Systems, Inc. ("MERS"), by and through its undersigned counsel, hereby submits its Reply to Plaintiff's Opposition (Docket 111) to MERS' Motion to Dismiss Plaintiff's Second Amended Verified Petition For Declaratory Relief and Complaint for Federal Civil Rights Violations.

By this filing, MERS also joins in the Reply (Docket 89), filed on July 7, 2014, by Defendant U.S. Bank N.A., Successor Trustee to Bank of America, N.A., Successor in Interest to LaSalle Bank, N.A., on behalf of the registered holders of Bear Stearns Asset Backed Securities I LLC, Asset-Backed Certificate, Series 2006-HE8 ("U.S. Bank, as Trustee") and the Reply and Joinder filed on July 7, 2014 by MERSCORP Holdings, Inc., a Delaware corporation ("MERSCORP") (Dockets 90 and 91).

MERS' reply and joinder are made and based on the following (all of which are incorporated herein by this reference): (1) the Memorandum of Points and Authorities set forth below, and the exhibits attached hereto; (2) the Memorandum of Points and Authorities attached to/incorporated in U.S. Bank, as Trustee's Reply brief (Docket 89) insofar as the arguments raised therein relate to the MERS vis-a-vis Plaintiff's sole claim/cause of action asserted in Plaintiff's Second Amended

\ \ \
\ \ \
\ \ \
\ \ \
\ \ \
\ \ \

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006

Complaint (Docket 74); (3) the record in this action; and, (4) any arguments that may be presented at a hearing on MERS' Motion to Dismiss and related joinders.

DATED this 15th day of September, 2014.

SMITH LARSEN & WIXOM

Kent F. Larsen, Esq.
Nevada Bar No. 3463
Hills Center Business Park
1935 Village Center Circle
Las Vegas, Nevada 89134
Attorneys for Defendant
Mortgage Electronic Registration
Systems, Inc.

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff has submitted to the Court an "opposition" brief (Docket 111) (the "Opposition") which is 58 pages long (excluding exhibits). This filing is in violation of Local Rule 7-4, which limits such briefs to no more than 30 pages (excluding exhibits). As a result, this Court should disregard the Opposition brief in its entirety as being in violation of this Court's rules. Alternatively, this Court should disregard any discussion within the Opposition which is found beyond page 30 of the Opposition.

The Opposition is no more coherent than the Second Amended Complaint (Docket 74) filed by Plaintiff on May 27, 2014. It provides nothing for the Court on which to base a ruling that the Second Amended Complaint states a sustainable claim for relief. As has been emphasized in the briefs of other defendants in this case, the assertions in the Second Amended Complaint do not meet the threshhold standards required of Plaintiff to sustain any "Civil Rights Act" claim(s). *See Whisby-Myers v. Kiekenapp*, 293 F. Supp. 2d. 845, 850 (N.D. Ill. 2003), *Shaare Tefila Congregation v. Cobb*, 481 U.S. 615, 617 (1987) and *Phiffer v. Proud Parrot Motor Hotel, Inc.*, 648 F.2d 548, 551 (9th Cir. 1980).

Incredibly, as the Opposition relates strictly to MERS, Plaintiff also takes the position that he was not actually a party to the Eight Judicial District Court Case A530199 entitled *Viceroy United Nations Credit and Commerce International Ltd. and* ***Joseph Piovo, individually*** *and as President of the Corporation* (the "Nevada State Case") (emphasis added) or bound by the judgment rendered against him in that case. This is an absurd position.

The record in the Nevada State Case is clear that the Plaintiff in this case – Joseph Piovo – was a Plaintiff in the Nevada State Case. In fact, after the operative order was issued in March 2009 granting summary judgment in favor of MERS on the operative claims against Plaintiff and Viceroy United Nations Credit and Commerce International Ltd. (regarding which NRCP Rule 54(b) certification was provided) , the Plaintiff – in proper person – filed an appeal and prosecuted the same through the Nevada Supreme Court. After that appeal was rejected, any remaining claims involving claims by and between Plaintiff and any other parties appear to have lapsed and the Nevada State Case was dismissed. As a result, there can be no doubt that any claims by Plaintiff not asserted in the Nevada State Case by Plaintiff may now not be brought in this action.

## II. PLAINTIFF JOSEPH PIOVO, INDIVIDUALLY, WAS A PARTY TO THE NEVADA STATE CASE

Plaintiff accuses MERS of misrepresenting to the Court that Plaintiff was, in fact, a Plaintiff in the Nevada State Case. *See* the Opposition, at page 5, lines 4-12. Plaintiff then acknowledges in the Opposition that he may have been a party to the Nevada State Case, but that he is somehow not bound by the judgment of that Court in the Nevada State Case. *See* the Opposition, at page 5, lines 20-26. Both positions are untenable.

A clear review of the record in the Nevada State Case reflects that Plaintiff – as an individual – was a plaintiff and counterdefendant in the Nevada State Case. *See* the Declaration of Kent F. Larsen, Esq., attached hereto **as Exhibit A** and Exhibits A-1 through A- 15 thereto. A listing of the

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006

documents which are Exhibits A-1 through A- 15 is as follows:[1]

Exhibit A

A-1 Initial Appearance Fee Disclosure (Filed: 10/19/06)

A-2 Complaint to Quiet Title (Filed: 10/19/06)

A-3 Amended Complaint to Quiet Title and to Enjoin Foreclosure and Public Auction (Filed: 8/9/07)

A-4 Plaintiffs' Opposition to Motion for Summary Judgment (Filed: 11/5/08)

A-5 Plaintiffs' Second Supplemental Exhibits to Opposition to Motion for Summary Judgment (Filed: 2/5/09)

A-6 Order Granting Motion for Partial Summary Judgment; Dismissing Third-Party Complaint; Vacating Preliminary Injunction; and Certifying as Final (Filed: 3/25/09)

A-7 Transcript of Proceedings Defendant Mortgage Electronic's Motion for Partial Summary Judgment (Filed: 4/13/09)

A-8 Notice of Appeal (Filed: 4/16/09)

A-9 Civil Appeal Statement (Filed: 4/16/09)

---

[1] MERS requests the Court take judicial notice of any exhibits hereto which are documents filed with the Eighth Judicial District Court. Courts may take judicial notice of public records. *See* Fed. R. Evid. 201. Moreover, Nevada law allows for a court to take judicial notice of a fact if it is "(a) Generally known within the territorial jurisdiction of the trial court; or (b) Capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, so that the fact is not subject to reasonable dispute." NRS 47.130. A court may take judicial notice of matters of public record. *See, e.g., Caballero v. Seventh Judicial Dist. Ct.*, 123 Nev. 316, 167 P.3d 415 (2007); *Mack v. South Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria v. Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991). Further, a court may take judicial notice of documents filed for cases in other jurisdictions involving the same subject matter as the case at bar. *See, e.g., Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603, 637 P.2d 534, 536 (1981) (not reasonably subject to dispute that the subject matter in the federal case was the same as in the state case).

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006

A-10 Ex Parte Application for Preliminary Injunction, Stay of the Judgment and Temporary Restraining Order Pending Disposition of the Appeal to the Supreme Court of Nevada (Filed: 4/28/09)

A-11 Certification in Support of Application (Filed 4/28/09)

A-12 Order Granting a Stay; Preliminary Injunction; Temporary Restraining (Filed: 5/21/09)

A-13 Order of Affirmance (Filed: 12/31/09)

A-14 Clerk's Certificate (Filed: 1/28/10)

A-15 Civil Order to Statistically Close Case (Filed: 8/21/10)

Even a cursory review of Exhibits A-1 through A- 15 reveals that Plaintiff – as an individual – was a party to the Nevada Sate Case from the outset. Moreover, when the March 25, 2009 Order Granting Motion for Partial Summary Judgment; Dismissing Third-Party Complaint; Vacating Preliminary Injunction; and Certifying as Final was entered by the Court (Exhibit A-6), Plaintiff then appears to have prosecuted the appeal of that order which certified as a final judgment. See Exhibits A-8 and A-9.

When Plaintiff sought, pending resolution of the appeal, to have a restraining order entered to prevent non-judicial foreclosure of the property at issue in this litigation, Plaintiff filed a "Certification In Support of Application" on April 28, 2009 (Exhibit A-11), which certified various statements as being true, including:

"I, Joseph Piovo, of full age, being a Plaintiff in the above captioned case state:

1. Pursuant to the District Court Order filed by Honorable Ellisa L. Cadish on March 26, 2009, the Plaintiffs have filed timely Notice of Appeal to the Supreme Court of Nevada on April 16, 2009.

...

\ \ \

4. The foreclosure sale auction will cause the Plaintiffs irreparable damage for which Plaintiffs have no adequate remedy at law, as more fully appears in the verified Amended Complaint on file.

*See* Exhibit A-11. It is important to note that Plaintiff verified the Amended Complaint, in his individual capacity. *See* Exhibit A-3.

Due to the foregoing, Plaintiff cannot seriously take the position that he was not a party to the Nevada State Case. Plaintiff cannot also take the position he is not bound by the Court's judgment as entered in the Nevada State Case relative to the real property located at 1853 Indian Bend, Henderson, Nevada (APN 178-17-811-009) (the "Property"). This is the same property which is at issue in this litigation. The March 25, 2009 Order Granting Motion for Partial Summary Judgment; Dismissing Third-Party Complaint; Vacating Preliminary Injunction; and Certifying as Final (Exhibit A-6) was entered against all plaintiffs/counterdefendants in that case – including Plaintiff. Plaintiff then appealed that judgment and his appeal was repudiated. See Exhibits 13and 14. Thereafter, to the extent there were claims remaining relative to parties other that MERS and the plaintiffs/counterdefendants in the Nevada State Case, those claims were dismissed by the state court's August 21, 2010 "Civil Order to Statistically Close Case" (Exhibit A-15).

Almost four years later – on May 27, 2014 – Plaintiff then files his Second Amended Complaint (Docket 74), attempting to assert a claim under a civil rights statutory scheme relative to alleged actions occurring between 2005 and 2007.

## III. PLAINTIFF MISCONSTRUES/MISUNDERSTANDS THE DOCTRINE OF CLAIM PRECLUSION, WHICH BARS <u>ANY</u> CLAIMS IN THIS CASE BY PLAINTIFF, WHETHER OR NOT ASSERTED BY PLAINTIFF IN THE NEVADA STATE CASE

The doctrine of *res judicata* or claim preclusion promotes finality, certainty and judicial efficiency by barring re-litigation of claims. *Berwind Corporation v. Apfel*, 94 F2d 597, 608 (E. D. Pa. 2000) (citing *Gregory v. Chehi*, 843 F.2d 111, 116 (3rd Cir. 1988). *See also Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 66 L.Ed. 2d 308 (1980).

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006

Claim preclusion applies to **all** claims that were **or could have been raised** in the Nevada State Case, whereas issue preclusion ostensibly only applies to issues that were actually and necessarily litigated and upon which there was a final determination on the merits. *See Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1055 (2008) (footnotes omitted)(quoting *Univ. of Nev. v. Tarkanian*, 110 Nev. 581, 599, 879 P.2d 1180, 1191 (1994). The court in *Five Star* explained this distinction as follows:

> "[C]laim preclusion applies to preclude an entire second suit that is based on the same set of facts and circumstances as the first suit, while issue preclusion ... applies to prevent relitigation of only a specific issue that was decided in a previous suit between the parties, even if the second suit is based on different causes of action and different circumstances."

*Id.* The court recognized that in some cases, both claim and issue preclusion could apply. *Id.*

In the present case before this Court, despite that no "civil rights" claims were asserted by Piovo in the State Court Case, the operative alleged operative facts in this case have not changed since Plaintiff filed the State Court Case. As a result, Plaintiff at any time could have raised his unsustainable "civil rights" claims in the earlier action and chose not to do so. As a result, he is barred by raising any such claims in this action as against MERS.

## IV. CONCLUSION.

Title 42 U.S.C. §1983 provides a federal cause of action against any person, who, **acting under color of state law**, deprives another of his federal rights. *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). To prove liability under §1983, a plaintiff must:(1) show that a person acting under color of state law engaged in some type of conduct which (2) deprived the plaintiff of some right, privilege or immunity secured by the Constitution or federal statutory law. *Paratt v. Taylor*, 451 U.S. 527, 535 (1981), *overturned on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).

In this instance, Plaintiff has not alleged (nor can he demonstrate) any such action or actor.

For the reasons set forth herein, and because there are no legally sustainable claims asserted by Plaintiff in this action against MERS, this action should be dismissed as against MERS.

Dated this 15th day of September, 2014

SMITH LARSEN & WIXOM

Kent F. Larsen, Esq.
Nevada Bar No. 3463
1935 Village Center Circle
Las Vegas, Nevada 89134
(702) 252-5002
Attorneys for Defendant
Mortgage Electronic Registration
Systems, Inc.

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 15th day of September, 2014, a true copy of the foregoing Mortgage Electronic Registration Systems, Inc.'s Reply to Plaintiff's Opposition to Defendant Mortgage Electronic Registration Systems, Inc.'s: (1) Motion to Dismiss Plaintiffs' Second Amended Verified Petition For Declaratory Relief and Complaint for Federal Civil Rights Violations (Docket 74): and, (2) Joinder in U.S. Bank, as Trustee's Motion to Dismiss (Docket 75) and Merscorp Holdings, Inc.'s Motion to Dismiss (Docket 77), was served electronically via CM/ECF, or by mail, postage prepaid, to the following:

Joseph Eugene Piovo
1853 Indian Bend Drive
Henderson, Nevada 89074
Plaintiff in Proper Person
Email: viceroyuncci@gmail.com
(Served Via U.S. Mail)

Robert Stone
659 E. 660 North
Orem, Utah 84091
Defendant in Proper Person

Scott S. Bell, Esq.
201 S. Main Street, Suite 1800
Salt Lake City, Utah 84111
-and-
Robert W. DeLong, Esq.
50 W. Liberty Street, Suite 750
Reno, NV 89501
Attorneys for Defendant U.S. Bank N.A.,
Successor Trustee to Bank of America, N.A.,
Successor in Interest to LaSalle Bank, N.A.,
On behalf of the registered holders of Bear
Stearns Asset Backed Securities I LLC,
Asset-Backed Certificate, Series 2006-HE8
(Via ECF System)

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006

Shauna Brennan, Esq
BRENNAN GENERAL COUNSEL GROUP, PLLC
9480 S. Eastern Avenue, Suite 105, #289
Las Vegas, Nevada 89123
Email: sbrennan@outsidegeneralcounsel.com
Attorneys for Defendant
Antonieta Tovar-Guzman
(Via ECF System)

Ronald A. Colquitt
321 S. Casino Center Blvd. Suite 112
Las Vegas, Nevada 89101
Defendant in proper person

Christina H. Wang, Esq.
Fidelity National Law Group
2450 St. Rose Pkwy., Ste. 150
Henderson, Nevada 89074
Email: Christina.Wang@fnf.com
Attorneys for Defendants
Chicago Title Insurance Company
(Via ECF System)

An employee of Smith Larsen & Wixom

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006