1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

JOSEPH EUGENE PIOVO, individually and as Beneficiary of the Vice Roy United Nations Credit and Commerce International Blind Trust,

Plaintiff,

v.

ROBERT STONE; ANTONIETA TOVARGUZMAN; MERSCORP, INC.; CBSK FINANCIAL GROUP, INC.; U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION AS TRUSTEE FOR CERTIFICATE HOLDERS OF BEAR STERNS ASSET BACKED SECURITIES I, LLC ASSET BACKED CERTIFICATES, SERIES 2006-HE8; AND ALL PERSONS CLAIMING BY, THROUGH OR UNDER SUCH PERSONS UNKNOWN CLAIMING ANY LEGAL OR EQUITABLE TITLE, ESTATE, LIEN OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF TITLE THERETO; Does 1-100, inclusive,

Defendants.

Case No. 2:13-cv-01922-APG-GWF

**ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

(Dkt. ##75, 77, 81, 82, 102, 118)

Plaintiff Joseph Piovo filed this lawsuit alleging that defendants conspired to fraudulently take possession of his home.  Piovo's original complaint asserted only state law claims, so I dismissed it.[1]  Piovo has now filed a second amended complaint asserting against all defendants a single claim under 42 U.S.C. § 1982, which creates a private cause of action for racial

---

[1] (Dkt. #72.)

discrimination related to housing.  Defendants have filed a number of motions to dismiss Piovo's newest complaint, arguing, among other things, that Piovo has failed to allege sufficient facts to state a federal claim or standing.[2]

Defendants are correct.  Piovo fails to allege any facts in support of a racial discrimination claim under § 1982, and I am unable to discern any other adequately-alleged federal claim in his complaint.  Because the complaint does not contain allegations giving rise to diversity jurisdiction, and it does not contain allegations giving rise to a federal claim, I have no subject matter jurisdiction over this case.

Additionally, Piovo alleges insufficient facts to establish standing.  Piovo has brought this suit as a beneficiary to a trust.  Generally, beneficiaries do not have standing to sue for harms to the trust, and Piovo provides few allegations indicating he has suffered any cognizable harm.  Piovo's lack of standing is another grounds for dismissal.

Piovo has failed to adequately plead a federal claim despite being given three attempts,[3] and there is no reason to believe he has any valid federal claims to assert.  I therefore grant defendants' motions to dismiss, and I do not grant Piovo leave to amend his complaint again.[4]

## I.      Legal Standard—Motion to Dismiss

A plaintiff must do two things in his complaint: (1) give the defendant fair notice of the basis for the court's jurisdiction, and (2) give the defendant fair notice of the factual basis of the claims asserted.[5]

---

[2] (*See* Dkt. ##75, 77, 81, 82, 102, 118.)

[3] (*See* Dkt. #72.)

[4] Dismissal for lack of subject matter jurisdiction is generally without prejudice so that the plaintiff may bring his claim in the proper court—here, potentially, state court. *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir.1988).

[5] *See* Fed. R. Civ. P. 8; *Skaff v. Meridien North Am. Beverly Hills*, *LLC*, 506 F.3d 832, 843 (9th Cir.2007).

**A. Alleging sufficient facts to establish jurisdiction**

"In this action, as in all actions before a federal court, the necessary and constitutional predicate for any decision is a determination that the court has jurisdiction—that is the power—to adjudicate the dispute."[6]  The plaintiff is the party invoking the court's jurisdiction; as a result, the plaintiff bears the burden of proving that the case is properly in federal court.[7]  Dismissal is appropriate if the complaint, considered in its entirety, fails to allege facts on its face that are sufficient to establish subject matter jurisdiction.[8]  Subject matter jurisdiction exists either if the plaintiff alleges claims arising from federal law[9] or if the requirements of diversity are met.[10] Regardless of the arguments made by the parties, if I determine at any time that I lack subject-matter jurisdiction I "must dismiss the action."[11]

**B. Alleging sufficient facts to state a claim**

In addition to providing sufficient allegations to support jurisdiction, a complaint must also provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief."[12]  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."[13]  "Factual allegations must be enough to rise above the speculative level."[14]  Thus, to survive a motion to

---

[6] *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir.1998).

[7] *McCauley v. Ford Motor Co.,* 264 F.3d 952, 957 (9th Cir.2001).

[8] *In re Dynamic Random Access Memory (DRAM) Antitrust Lit.,* 546 F.3d 981, 984–85 (9th Cir.2008).

[9] 28 U.S.C. § 1331.

[10] 28 U.S.C. § 1332.

[11] Fed. R. Civ. P. 12(h)(3).

[12] Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007).

[13] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[14] *Twombly*, 550 U.S. at 555.

dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."[15]

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering a motion to dismiss.  First, the court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.[16]  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.[17]  Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief.[18]  A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the Defendant is liable for the alleged misconduct.[19]  Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged–but not shown–that the pleader is entitled to relief."[20]  When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed.[21]

## II.   **DISCUSSION**

Piovo alleges insufficient facts to establish either subject matter jurisdiction or standing. Either deficiency is sufficient grounds to dismiss his case.[22]

---

[15] *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

[16] *Id*. at 1950.

[17] *Id*. at 1949.

[18] *Id*. at 1950.

[19] *Id*. at 1949.

[20] *Id*. (internal quotation omitted).

[21] *Twombly*, 550 U.S. at 570.

[22] Because I have no subject matter jurisdiction over this case, I need not reach defendants' other arguments.

**A. Subject matter jurisdiction**

As explained above, Piovo has the burden to sufficiently allege subject matter jurisdiction, either by alleging facts to support a federal claim or the requirements of diversity.  Piovo fails to allege facts in support of diversity.[23]  I therefore have subject matter jurisdiction only if Piovo has alleged sufficient facts to support a federal claim.

Piovo asserts a single claim under 42 U.S.C. § 1982 against all defendants.  That statute states that: "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."[24]  The statute addresses the right of African Americans "to hold and acquire property on an equal basis with white persons and the right of [African Americans] not to have property interests impaired because of their race."[25]  To establish a prima facie § 1982 claim, a plaintiff must prove (1) he is a member of a racial minority, (2) he applied for and was qualified to rent or purchase certain property or housing, (3) he was rejected, and (4) the opportunity to purchase or rent remained open.[26]

Piovo fails to allege any facts regarding whether he applied for housing, whether he was qualified for housing, whether he was rejected for housing, or whether a housing opportunity remained open.  In other words, Piovo has not alleged any facts to support a § 1982 claim.

---

[23] In addition to not pleading the monetary requirement, the face of the complaint states that some defendants are residents of Nevada. (Dkt. #74 at 9-10.)  Piovo asserts jurisdiction only under § 1331.  (*Id.*)

[24] 42 U.S.C. § 1982.

[25] *See City of Memphis v. Greene*, 451 U.S. 100, 122, 101 S.Ct. 1584, 67 L.Ed.2d 769 (1981); *see also Franklin v. Allstate Corp.*, No. C 06 1909 MMC, 2007 WL 1991516, at *5 (N.D. Cal. July 3, 2007).

[26] *Phiffer v. Proud Parrot Motor Hotel, Inc.*, 648 F.2d 548, 551 (9th Cir. 1980); *Skinner v. City of Union City*, No. C 09-2723 PJH, 2013 WL 5423451, at *7 (N.D. Cal. Sept. 27, 2013).

I am sensitive to the challenges pro se litigants face.  But even reading Piovo's complaint liberally, I am unable to distill any adequately-pleaded claims, federal or otherwise.  All of Piovo's allegations can be summarized as: defendants conspired to steal his identification documents and used those documents to fraudulently steal his home.[27]  Excising these conclusory allegations from the complaint, the remaining facts are insufficient to state a federal claim.[28]

Because the complaint does not contain allegations giving rise to diversity jurisdiction, and it does not contain allegations giving rise to federal claims, I have no subject matter jurisdiction over this case.

**B.  Standing**

Additionally, Piovo does not appear to have alleged sufficient facts to establish standing. Piovo has brought suit as a beneficiary to a trust.  Generally, a beneficiary does not have standing to sue for harms to a trust unless he alleges the trustee breached a fiduciary duty, which Piovo has not done.[29]  Piovo's lack of standing is likely another grounds for dismissal.

**C.  Leave to Amend**

Generally, when dismissing for failure to state a claim, the court has discretion to dismiss with or without leave to amend.[30]  A pro se litigant should generally be notified of his complaint's

---

[27] (Dkt. #73.)

[28] *Iqbal*, 129 S. Ct. at 1949.  For example, Piovo alleges "all Joint Principals Coconspirators with a callous indifference to suffering/cold-blooded and indurate to Civil Rights Conspiracy Laws and Laws of the United States, by concert of action the Civil Rights Conspiracy severely and jointly all Joint Principals coconspirators did knowingly and willfully combine, conspire, and agree to devise a Civil Rights Conspiracy scheme and artifice to deprive Piovo by depriving him thereof his Civil Rights guarantees defendants appropriated his identification documents and conspired to steal his home." (Dkt. #15-30.)  But he does not allege any specific facts to make conclusory allegations like this plausible.  He does not allege any facts about who stole his documents, when they stole his documents, how the defendants knew the documents were stolen, or how the named defendants could be liable for any alleged wrongdoing.

[29] *See City of Atascadero v. Merrill Lynch*, 68 Cal.App.4th 445, 462 (Cal.Ct.App.1998).

[30] *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir.2000).

6

deficiencies and given at least one opportunity to cure them.[31]  But my discretion to deny leave "is particularly broad where [the] plaintiff has previously amended the complaint"[32]  And if it is clear that a complaint cannot be cured by amendment, there is no need to grant leave to do so.[33]

Courts consider five factors when deciding whether to grant leave: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint.[34]  Futility alone is sufficient.[35]

Piovo fails to adequately allege a federal claim despite being given three opportunities to do so.  Futility of amendment is apparent.  There is no reason to believe his claims can be brought in federal court.  And defendants have already been forced to litigate this case for well over a year.  I have considered the relevant factors and I find dismissal without leave to amend is appropriate.[36]

### III.    CONCLUSION

IT IS THEREFORE ORDERED that defendants' motions to dismiss (Dkt. ##75, 77, 81, 82, 102, 118) are GRANTED.

IT IS FURTHER ORDERED that leave to amend plaintiff's complaint is DENIED.

---

[31] *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir.1995).

[32] *Ascon Properties, Inc. v. Mobil Oil Co.,* 866 F.2d 1149, 1159 (9th Cir. 1989).

[33] *Id.* at 1130-31.

[34] *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir.1990).

[35] *Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1298 (9th Cir.1998).

[36] *McColm v. California*, 44 F. App'x 869 (9th Cir. 2002) (affirming district court's dismissal without leave to amend because "if jurisdiction is lacking at the outset, the district court has 'no power to do anything, other than to dismiss the action'").

7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IT IS FURTHER ORDERED that the clerk's entries of default against defendants Robert Stone (Dkt. #101), Chicago Title (Dkt. #106), and CBSK Financial Group, Inc. (Dkt. #154) are SET ASIDE because this court lacks jurisdiction over this case.

IT IS FURTHER ORDERED that the Clerk of the Court is instructed to close this case.

DATED THIS 9th day of March, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE